CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
GENE B. SHARAGA, ESQ.; STATE BAR NO.: 131661
**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: cmay@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com

Attorneys for Defendants, LOWE'S HIW, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDTE HICKS,<br><br>       Plaintiff,<br><br>v.<br><br>LOWE'S HOME IMPROVEMENT WAREHOUSE OF PORTERVILLE and DOES 1 to 100, inclusive,<br><br>       Defendants. | CASE NO.: 2:12-CV-01883-KJM-KJN<br><br>(Yolo County Superior Court Case No.: PO12-585)<br><br>**[PROPOSED] MODIFIED ORDER OF PROTECTION** |

   Upon consideration of the Parties' Stipulation for Protective Order and finding good cause thereon, the Court rules as follows:

   1.  Defendant's proprietary policies and procedures, personnel files of present and former employees, incident reports, and other documents produced or information disclosed designated as "CONFIDENTIAL" by the Defendant, including, without limitation, information relating to the processes, operations, type of work, or apparatus, or the production, sales, shipments, transfers, identification of customers, inventories, amount or source of income, profits, losses, expenditures, or any research, development, or any other commercial information supplied by the Defendant in response to Plaintiff's discovery requests, are hereby protected by this Order.

2. The disclosure of any of the foregoing categories of information and/or documentation protected by this Order, including confidential business and financial information identified above, will have the effect of causing harm to the competitive and financial position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.  Unprotected disclosure of any of the above identified confidential information may further expose Defendant to unwarranted annoyance, embarrassment, and/or oppression.

3. A formal order of protection of the foregoing categories of information is necessary to ensure the protection of Defendant's sensitive, proprietary, and confidential information and to allow Defendant to seek proper remedy from the Court should this Order be violated.

4. The terms of the Stipulation for Protective Order and this Order of Protection shall govern the handling and disclosure of confidential documents, things, and information produced in this action.

With the alterations described in the paragraphs below, the parties' Stipulation for Protective Order is approved, with the understanding that it governs relations between the parties and the discovery phase of litigation, and does not predetermine any issues related to the sealing or redaction or retention of documents filed with or otherwise presented to the court.  See Local Rules 140, 141.

5.  The undersigned clarifies that the parties' Stipulation for Protective Order does not bind the court to file confidential documents under seal or with redactions.  For instance, should the parties wish to file certain confidential documents under seal as part of a motion or otherwise, the parties must comply with Local Rule 141.

6. The undersigned also clarifies that the court will not retain jurisdiction to enforce the Stipulation for Protective Order after the termination of this

case, although the Stipulation for Protective Order may be enforced as a contract between the parties after the termination of this case.

**IT IS SO ORDERED.**

Dated:  November 22, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE