UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDTE HICKS, | No. 2:12-CV-01883-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

      Plaintiff moves to exclude the expert testimony of defense witness Geoffrey Miller, M.D. Pl.'s Mot. in Limine ("MIL") at 1, ECF No. 35.[1] The court decided the matter without argument, and for the reasons below DENIES the motion.

      Plaintiff argues the testimony and any related evidence must be excluded because Federal Rule of Civil Procedure 26 requires parties to disclose "the identity of any [expert] witness it may use at trial." FED. R. CIV. P. 26(a)(2). Such disclosures are to be made according to the schedule set by the court. *See id.* advisory committee's note (1993). As defendant failed to comply with the court-imposed deadline, plaintiff contends exclusion is proper. MIL at 2–3.

/////

---

[1] Although both parties filed several motions *in limine*, plaintiff requested at the final pretrial conference that the court decide this motion before scheduling a settlement conference.

1

1    Defendant disputes plaintiff's characterization of the circumstances.  Def.'s
2 Opp'n to MIL ("Opp'n"), ECF No. 38.  Although it admits neglecting to file the expert
3 disclosure with the court, it insists it served plaintiff with Dr. Miller's independent medical
4 examination report and expert witness disclosure before the October 21, 2013 deadline.  *Id.* at
5 2.  These assertions are supported by a declaration and documentary proof, *id.* Exs. A–B, and
6 plaintiff does not deny timely receipt of the documents.
7    Rule 37 dictates the consequences of failure to disclose: "If a party fails to
8 provide information or identify a witness as required by Rule 26(a) . . . , the party is not
9 allowed to use that information or witness to supply evidence . . . at a trial, unless the failure
10 was substantially justified or is harmless."  FED. R. CIV. P. 37(c).  Here, defendant timely
11 served and plaintiff timely received all relevant information relating to Dr. Miller and his
12 anticipated testimony; only the court received the report after the deadline.  Plaintiff fails to
13 identify any resultant harm from the timing of defendant's filing with the court, and the court
14 rejects plaintiff's averment that defendant "just recently revealed in its Witness List . . . that
15 Geoffrey Miller, M.D. intends to offer expert testimony on 'issues of causation, damages,
16 prognosis, diagnosis, and reasonableness and necessity of all prior, current and future medical
17 care and expenses.'"  MIL at 2–3.  Instead, the court concludes plaintiff was timely apprised of
18 Dr. Miller's intended testimony, and any "failure was . . . [thus] harmless."  FED. R. CIV. P.
19 37(c).  The motion is denied.
20    Having waived conflict as to the assigned magistrate judge, the parties are
21 directed to attend a settlement conference with the Honorable Kendall J. Newman on **April 2,**
22 **2014** at **9:30 a.m.** in Courtroom No. 25, 8th Floor.  Counsel are instructed to have a principal
23 with full settlement authority present or to be fully authorized to settle the matter on any terms.
24 *See* Local Rule 270.  Counsel for each party shall submit a confidential Settlement Conference
25 Statement by **March 31, 2014,** using the following email address:
26 KJNorders@caed.uscourts.gov.  Such statements are neither to be filed with the Clerk nor
27 served on opposing counsel.  Each party, however, shall serve notice on all other parties that
28 the statement has been submitted.

1	IT IS SO ORDERED.
2	DATED: March 26, 2014.

_____
UNITED STATES DISTRICT JUDGE