UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDTE HICKS,  <br><br>           Plaintiff,  <br>     v.  <br><br>LOWE'S HIW, INC.,  <br><br>           Defendant. | No.  2:12-CV-01883-KJM-KJN  <br><br><br>ORDER |

          Cardte Hicks ("plaintiff") moves for reconsideration of this court's March 26, 2014 order, ECF No. 44, denying her motion *in limine*, ECF No. 35, to exclude the expert testimony of defense witness Geoffrey Miller, M.D.  ECF No. 45.  Lowe's HIW, Inc. ("defendant") filed an opposition the same day.  ECF No. 47.  Finding the matter suitable for decision on the papers, the court DENIES plaintiff's concomitant request for oral argument.  ECF No. 46.  For the reasons below, the motion for reconsideration is DENIED.

I.       STANDARD

          District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted).  A motion for reconsideration, however, "should not be granted, . . .

1

1  unless the district court is presented with newly discovered evidence, committed clear error, or
2  if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*,
3  179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263
4  (9th Cir. 1993)).  Clear error occurs where "the reviewing court . . . is left with the definite and
5  firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470
6  U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

7  Because they "are generally disfavored," *Am. Rivers v. N.O.A.A. Fisheries*, No.
8  CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. Jul. 14, 2006) (citing *Fuller v. M.G.
9  Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)), such motions are properly granted only in
10 "highly unusual circumstances," *389 Orange St. Partners*, 179 F.3d at 665.  A motion for
11 reconsideration "may not be used to present new arguments or evidence that could have been
12 raised earlier," *Am. Rivers*, 2006 WL 1983178, at *2 (citing *Fuller*, 950 F.2d at 1442), or to
13 "ask the court to rethink matters already decided," *id.* (citing *Motorola, Inc. v. J.B. Rodgers
14 Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)).

15 II.     ANALYSIS

16 Plaintiff requests reconsideration because the court "may have misunderstood"
17 the basis of the motion.  Mot. for Recons. ("Mot.") at 1, ECF No. 45.  She "now realizes her
18 moving papers may have been unclear as to the fact that Plaintiff <u>*never received*</u> the Expert
19 Disclosure that Defendant allegedly mailed to Plaintiff."  *Id.* at 2 (emphasis in original).
20 Continuing, she explains that "she was not asking for exclusion of Defendant's expert based
21 merely on the technical defect of not filing it with the court, but on the fact that Plaintiff was
22 never served with the expert disclosure."  *Id.* at 3.  Accompanying the motion, plaintiff's
23 counsel now files a declaration stating that his "office did not receive a Disclosure of Expert
24 Witness Information from Defendant" and that counsel "did not become aware of the fact that
25 Defendant planned to use Dr. Miller as an expert witness until" filing of the Joint Pretrial
26 Statement.  Masuda Decl. ¶ 2, ECF No. 45.

27 Plaintiff does not argue there is "newly discovered evidence" or "an intervening
28 change in the controlling law" and thus necessarily asserts "clear error." *389 Orange St.*

1. *Partners*, 179 F.3d at 665.  Despite any ambiguity in the language of plaintiff's moving papers,
2. however, the court is not "left with the definite and firm conviction that a mistake has been
3. committed."  *Anderson*, 470 U.S. at 573.  Rather, in light of defense counsel's declaration
4. attesting to timely service of its Expert Witness Disclosure, Sharaga Decl. ¶ 4, ECF No. 38,
5. and the accompanying proof of service, *id.* Ex. B, the court finds that the motion was correctly
6. decided.  *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1254 n.3 (9th Cir. 2006) ("'The law of
7. this circuit is clear.  We go by the "mail box rule."  Proper and timely mailing of a document
8. raises a rebuttable presumption that the document has been timely received by the addressee.'"
9. (quoting *Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir. 1998))).  Plaintiff's counsel's
10. declaration, insufficient by itself to rebut the presumption, is "evidence that could have been
11. raised earlier" but was not.  *Am. Rivers*, 2006 WL 1983178, at *2 (citing *Fuller*, 950 F.2d at
12. 1442).  It will not be considered.

    III.     CONCLUSION

             For the foregoing reasons, defendant's motion for reconsideration is DENIED.
             IT IS SO ORDERED.

    DATED: March 28, 2014.

    _____
    UNITED STATES DISTRICT JUDGE

3