UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDTE HICKS, | No. 2:12-CV-01883-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

       Cardte Hicks ("plaintiff") moves to depose defendant Lowe's Home Centers, LLC's expert witness Geoffrey Miller, M.D. and to have the motion heard on an expedited basis. Pl.'s Mot. to Depose Geoffrey Miller & Req. for Shortened Time to Hear the Mot. ("Mot.") at 1, ECF No. 50. Finding the matter appropriate for disposition without argument, the court DENIES as moot the request to have the motion heard on an expedited basis. For the reasons below, the court GRANTS the motion to depose Dr. Miller.

       In its pretrial scheduling order, the court ordered the parties to disclose expert witnesses by October 21, 2013 and complete expert discovery by December 20, 2013. Pretrial Scheduling Order at 2–3, ECF No. 7. Defendant concedes it did not file its expert disclosures with the court by the deadline, Def.'s Opp'n to Pl.'s Mot. in Limine at 2, ECF No. 38, but attests to having timely served the disclosures on plaintiff, Sharaga Decl. ¶ 4, ECF No. 38. Plaintiff attests to never having received defendant's expert disclosures, Masuda Decl. ¶ 2, ECF

1

No. 50, but admits timely receipt of Dr. Miller's independent medical examination report, Pl.'s Reply at 3, ECF No. 52. In his declaration, plaintiff's counsel states further that "he did not become aware of the fact that Defendant planned to use Dr. Miller as an expert witness until [the parties] filed [their] Joint Pretrial Statement . . . [and] exchanged Witness Lists." Masuda Decl. ¶ 2. The exchange took place on March 6, 2014. Joint Pretrial Statement at 14, ECF No. 32; Def.'s Witness List at 2, ECF No. 32-2.

Federal Rule of Civil Procedure 16 permits modification of the court's scheduling order "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).[1] The "'good cause' standard primarily considers the diligence of the party seeking" relief from the scheduling order: "the district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking" modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations and internal quotation marks omitted). "If [the moving] party was not diligent, the inquiry should end." *Id.* "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citation omitted).

Here, plaintiff is the moving party whose diligence in complying with the scheduling order must be examined. In his papers, he concedes timely receipt of Dr. Miller's independent medical examination report. Although the report's disclosure suggests defendant intended to call Dr. Miller as an expert witness, the report neither established this to a certainty. *See, e.g.*, *McCluskey v. AllState Ins. Co.*, No. CV 04-191-M-LBE, 2006 WL 5230018, at *1–2 (D. Mont. 2006) (barring use of undesignated doctor as expert witness despite production of independent medical examination report). As such, plaintiff's failure to pursue the matter cannot be attributed to lack of diligence on her part. Rather, any ambiguity concerning Dr.

---

[1] The court does not interpret the instant motion as one for reconsideration of the denial of plaintiff's previous motion *in limine*, ECF No. 35. Whereas that motion sought to prevent Dr. Miller from testifying on behalf of defendant, this motion seeks to permit deposition of Dr. Miller prior to that testimony.

1  Miller could have been avoided by defendant's timely filing its disclosures with the court, as
2  required by the court's pretrial order.
3       Given the time between now and the trial date of June 9, 2014, defendant will
4  not be prejudiced by the taking of the deposition subject to a strict time limit of seven hours.
5  *See* FED. R. CIV. P. 30(a).  Moreover, allowing plaintiff to depose Dr. Miller will have the
6  beneficial effect of saving time at trial.
7       For the foregoing reasons, plaintiff's motion is GRANTED.  Discovery is
8  reopened solely to permit plaintiff's deposition of Dr. Miller.  The parties are ordered to
9  conduct the deposition without disturbing the confirmed trial date.
10      IT IS SO ORDERED.
11 DATED:  April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE