1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARDTE HICKS,

                 Plaintiff,

     v.

LOWE'S HIW, INC., et al.,

               Defendants.

No.  2:12-CV-01883-KJM-KJN

ORDER

On March 20, 2014, the court conducted a final pretrial conference.  Robert Masuda appeared for Cardte Hicks ("plaintiff"), and Charles May appeared for Lowe's Home Centers, LLC ("defendant").  After hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1332 and 1441(b).  Venue is proper as the underlying events occurred in the Eastern District.  Jurisdiction and venue are not contested.

JURY/NON-JURY

Both parties request a jury.

/////

1

UNDISPUTED FACTS

   The parties have agreed to the following undisputed facts:

1. On November 8, 2011, plaintiff was shopping at defendant's retail store located in West Sacramento, California.

2. While plaintiff was in the checkout line waiting to purchase two pieces of lumber, a Lowe's cashier attempted to lift the boards to find the item's price tag, causing one of the boards to strike plaintiff's right shoulder.

DISPUTED FACTUAL ISSUES

   The parties dispute the following factual issues:

1. Plaintiff alleges she suffered serious injuries resulting from the subject incident, which she attributes to defendant's negligence.

2. Defendant disputes causation, the nature and extent of plaintiff's injuries and damages, including the amount of adjusted medical expenses.

SPECIAL FACTUAL INFORMATION

 A. Plaintiff

   Plaintiff is fifty-five years old.  As a result of the subject incident, plaintiff sustained injury to her right shoulder.  Following the incident, she visited her primary care physician, Dr. Charles McCrory, M.D., who monitored her condition and administered physical therapy treatment within his office.  Plaintiff's right shoulder pain did not subside.

   Dr. McCrory referred plaintiff to an orthopedic specialist, Dr. Amir Jamali, M.D.  A magnetic resonance imaging scan of plaintiff's right shoulder was taken on November 29, 2011, revealing a tear and acromial fracture.  On April 4, 2012, Dr. Jamali performed a right shoulder arthroscopy, open rotator cuff repair, repair of nonunion of acromion and bicep tenodesis.  Plaintiff underwent physical therapy as part of her post-surgery rehabilitative treatment, but her pain did not subside.  On December 21, 2012, Dr. Jamali performed another arthroscopic surgery of her right shoulder and removed hardware in place from her initial surgery.  At this time, a small saw was also used to flatten evident scar tissue.   Plaintiff continued to experience pain after the second surgery.

She relocated to Southern California and began treatment with Kaiser.  Her primary care doctor at Kaiser referred her to physical therapy, which offered little relief, and an orthopedic specialist, Dr. Bryan Wiley, M.D. Dr. Wiley planned to perform a third surgery on March 31, 2014 to plaintiff's right shoulder because she continues to experience pain.

Following is a list of Plaintiff's medical providers and corresponding costs for treatment:

**Charles McCrory, D.C., M.D.;** 300 Harding Boulevard, Suite 213**,** Roseville, CA 95678, (916) 780-2800;
Type of Treatment: Primary care and follow-up treatment
Dates of Service: 11/15/11-3/7/12
Charges to date:  $2,105.00

**Radiological Associates of Sacramento,** 1880 Sierra Gardens Drive, Suite 200**,** Roseville, CA 95661
Type of Treatment: X-rays and MRI of right shoulder
Dates of Service: 11/19/11; 11/29/11, 2/22/12, 5/29/12, 11/16/12
Charges to date:  $3,898.33

**Amir Jamali, M.D.,** 2825 J Street, Suite 440, Sacramento, CA 95816,
Type of Treatment: Right shoulder arthroscopy, open rotator cuff repair, repair of nonunion of acromion, biceps tenodesis, follow-up treatment, removal of hardware in right shoulder; injections
Dates of Service: 1/10/12; 2/7/12; 3/15/12; 4/4/12; 4/10/12; 4/26/12; 5/10/12; 5/31/12; 12/21/12 (right shoulder arthroscopy, removal of hardware); 12/5/13
Charges to Date: $21,655.00

**Central Anesthesia Service Exchange;** P.O. Box 660910**,** Sacramento, CA 95866
Type of Treatment: Anesthesiology for Surgery
Dates of Service: 4/4/12, 12/21/12
Charges to Date: $4,140.00

**Sutter Alhambra Surgery Center;** 1201 Alhambra Boulevard, Suite 110, Sacramento, CA 95816
Type of Treatment: Surgery Facility
Date of Treatment: 4/4/12
Charges to Date: $43,875.00

/////

/////

3

**Pacific Medical, Inc.;** P.O. Box 149**,** Tracy, CA 95378;
Type of Treatment: shoulder sling
Date of Service: 4/4/12;
Charges to date: $195.00

**Janice Daniels, PT;** 5207 J Street, Sacramento, CA 95819;
Type of Treatment: Physical Therapy
Dates of Treatment: 5/2/12-7/12/12;
Charges to Date: $2,505.00

**MD Stat**
Type of Treatment: Pre-surgery labwork
Date of Service: 11/16/12
Charges to Date: $469.50

**Quest Diagnostics**
Type of Treatment: Pre-surgery labwork
Date of Service: 12/7/12
Charges to date: $246.34

**Sutter General Hospital**, 2801 L Street, Sacramento, CA 95816;
Type of Treatment: facility for right shoulder arthroscopy, possible rotator cuff repair, and removal of hardware;
Date of Service: 12/21/12
Charges to Date: $31,594.32

**Diagnostic Pathology Medical Group**, 3301 C Street, Suite 200-E, Sacramento, CA 95816
Type of Treatment: Anatomic Pathology Report of Hardware from Right Shoulder
Date of Service: 12/21/12
Charges to Date: $171.00

**Kaiser,** 10850 Arrow Route, Rancho Cucamonga, CA 91730-4833;
Type of Treatment: follow-up care and physical therapy; orthopedic consultation and future surgery of right shoulder
Dates of service and charges to date are currently being verified.

B.   Defendant

Defendant contends that plaintiff suffered from a preexisting medical condition, the claimed injuries were not caused by the subject incident, the claimed medical bills were excessive and/or not caused by the incident and adjusted downward by plaintiff's healthcare

4

1  providers and insurance carrier, plaintiff failed to mitigate damages and there are no facts to

2  support any of plaintiff's claims for future medical expenses.

3  <u>DISPUTED EVIDENTIARY ISSUES</u>

4        Neither party reasonably anticipates a dispute concerning admissibility of live

5  and deposition testimony, physical and demonstrative evidence and the use of special

6  technology at trial, including computer animation, video discs and/or other high technology.

7        Both parties anticipate filing several motions in limine.

8  <u>AGREED STATEMENTS</u>

9        None.

10  <u>RELIEF SOUGHT</u>

11        Plaintiff claims current total medical expenses exceeding $110,000.  At the time

12  of the final pretrial conference, she was awaiting the scheduling of an additional surgery to her

13  right shoulder, to take place following recovery from a knee surgery unrelated to the instant

14  litigation.  This amount may be updated prior to trial as plaintiff is currently still being treated

15  for injuries resulting from this accident.  Based on the cost of her two prior shoulder surgeries,

16  it is anticipated that the cost of plaintiff's upcoming surgery will be approximately $35,000 to

17  $45,000, plus the cost of rehabilitative therapy.

18        Defendant contends that plaintiff's shoulder surgeries are not causally connected

19  to injuries, if any, allegedly sustained as a result of the subject incident.  In addition, defendant

20  disputes the net amount of plaintiff's claimed medical charges.

21  <u>POINTS OF LAW</u>

22    A.  Plaintiff

23        Plaintiff's legal theories for recovery are based upon negligence.  Plaintiff

24  contends that defendant's employee was negligent in causing plaintiff's injury while acting

25  within the course and scope of his employment with defendant and that defendant is thereby

26  liable.

27  /////

28  /////

5

B.  Defendant

Defendant contends that plaintiff suffered from a pre-existing medical condition, plaintiff's claimed injuries were not caused by the subject incident, the claimed medical bills were excessive and/or were not caused by the accident (and, in any event, were adjusted down by plaintiff's healthcare providers and her health insurance carrier), plaintiff failed to mitigate her damages and that there are no facts to support any of plaintiff's claims for future medical expenses.

ABANDONED ISSUES

Plaintiff abandons no issues.

Defendant abandons the following affirmative defenses raised in its answer: (1) fourth affirmative defense: failure to state a cause of action; (2) fifth affirmative defense: running of the applicable statute of limitations; and (3) sixth affirmative defense: assumption of the risk.

WITNESSES

Plaintiff anticipates calling the following witnesses:

A.  Lay Witnesses

1.  Cardte Hicks: Plaintiff will testify about how the incident occurred and her injuries.

2.  Joel Valenzuela: He is the former employee of defendant who dropped the lumber on plaintiff and will testify about how the incident occurred.

3.  Baldur Roikjer: She was with the plaintiff at the time of the incident and will testify to what she witnessed.

4.  Chantel Phillips: She is an employee of defendant who investigated the incident and will testify about the incident.

5.  Victoria Shikaloff: She is a former employee of defendant who investigated the incident and will testify about the incident.

6.  Robert Gonsalves: He is an employee of defendant who investigated the incident and will testify about the incident.

6

7. Charles McCrory, M.D.: He will testify about the treatment he provided plaintiff.

8. Janice Daniels, P.T.: She will testify about the treatment she provided plaintiff.

9. Bryan Vincent Wiley, M.D.: He will testify about the treatment he provided plaintiff.

10. Susan Yoomie Lee, M.D.: She will testify about the treatments she provided plaintiff.

11. Mohammed Namazian, D.O.: He will testify about the treatment he provided plaintiff.

12. Michael Seung Oh, M.D.: He will testify about the treatment he provided plaintiff.

13. Ronald Welch, P.T.: He will testify about the treatment he provided plaintiff.

B.  Expert Witnesses

1. Amir Jamali, M.D.: He will testify about his treatment of plaintiff, her injuries and the relationship between the incident and her injuries.

Defendant anticipates calling the following witnesses:

A.  Lay Witnesses:

1. Chantel Phillips: She will testify about facts giving rise to the subject incident.

2. Robert Gonsalves: He will testify about facts giving rise to the subject incident.

3. Joel Valenzuela: He will testify about facts giving rise to the subject incident.

4. Victoria Shikaloff: She will testify about facts giving rise to the subject incident.

B.  Expert Witnesses:

1. Geoffrey M. Miller, M.D.: He will testify about issues of causation, damages, prognosis, diagnosis, and reasonableness and necessity of all prior, current, and future medical care and expenses.

Each party may call any witness designated by the other.

/////

/////

7

A. The court will not permit any other witness to testify unless:

    1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference; or

    2. The witness was discovered after the pretrial conference, and the proffering party makes the showing required in subsection B.

B. Upon the post-pretrial discovery of any witness that a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    1. The witness could not reasonably have been discovered prior to the discovery cutoff;

    2. The court and opposing witnesses were promptly notified upon discovery of the witness; and

    3. If time permitted, the party proffered the witness for deposition; or

    4. If time did not permit, a reasonable summary of the witness's testimony was provided the opposing parties.

## EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff will present the following exhibits:

1. Charles McCrory, D.C., M.D. – Medical Records

2. Charles McCrory, D.C., M.D. – Billing Records

3. Radiological Associates of Sacramento – Medical Records

4. Radiological Associates of Sacramento – Billing Records

5. Central Anesthesia Service Exchange – Billing Records

6. Sutter Alhambra Surgery Center – Medical Records

7. Sutter Alhambra Surgery Center – Billing Records

8. Pacific Medical, Inc. – Billing Records

8

9.  Janice Daniels, PT – Medical Records

10. Janice Daniels, PT – Billing Records

11. MD Stat – Medical Records

12. MD Stat – Billing Records

13. Quest Diagnostics – Medical Records

14. Quest Diagnostics – Billing Records

15. Sutter General Hospital – Medical Records

16. Sutter General Hospital – Billing Records

17. Diagnostic Pathology Medical Group – Medical Records

18. Diagnostic Pathology Medical Group – Billing Records

19. Kaiser - Medical Records

20. Kaiser - Billing Records

21. Chart depicting Plaintiff's Medical Billing Amounts

22. Lowe's Surveillance Video

23. 2x4 piece of lumber

25. Deposition of Cardte Hicks

26. Deposition of Joel Valenzuela

27. Deposition of Chantel Phillips

28. Deposition of Victoria Shikaloff

29. Deposition of Robert Gonsalves

30. Deposition of Amir Jamali, M.D.

Defendant will present the following exhibits:

A.  Plaintiff's subpoenaed medical and billing records from Amir Jamali, M.D.

B.  Plaintiff's subpoenaed medical and billing records from Janice Daniels, PT.

C.  Plaintiff's subpoenaed medical and billing records from Charles McCrory, D.C.

D.  Plaintiff's subpoenaed medical and billing records from Kaiser Permanente Hospital.

E.  Plaintiff's subpoenaed medical and billing records from Pacific Medical, Inc.

F.  Plaintiff's subpoenaed medical and billing records from Radiological Associates of Sacramento.

G.  Plaintiff's subpoenaed medical and billing records from Sutter Hospital.

H.  Plaintiff's subpoenaed medical and billing records from Sutter Alhambra Surgery Center.

I.  Plaintiff's subpoenaed medical and billing records from Sutter Physician Services.

J.  Plaintiff's subpoenaed medical and billing records from Central Anesthesia Service Exchange.

K.  Plaintiff's subpoenaed medical and billing records from MD Stat Urgent Care.

L.  Lowe's Interrogatories (Set One) to Plaintiff Cardte Hicks.

M.  Plaintiff's responses to defendant's Interrogatories (Set One)

N.  Lowe's Request For Production of Documents (Set One) to plaintiff.

O.  Plaintiff's responses to defendant's Request For Production of Documents (Set One).

P.  Dr. Geoffrey Miller's Initial Orthopedic Evaluation Report of plaintiff, dated September 21, 2013.

Q.  Dr. Geoffrey Miller's Report of Review of plaintiff's medical records, dated September 21, 2013.

R.  Dr. Geoffrey Miller's Report of Supplemental Review of plaintiff's medical records, dated September 25, 2013.

S.  Dr. Geoffrey Miller's Report of Supplemental Review of plaintiff's medical records, dated January 27, 2014.

T.  Curriculum Vitae of Dr. Geoffrey Miller.

U.  Lowe's Incident Report dated November 8, 2011.

V.  Written Statement by Former Lowe's Employee Joel Valenzuela dated November 11, 2011.

W.  Defendant's Surveillance Video depicting the subject incident

/////

/////

10

The court encourages the parties to generate a joint exhibit list to the extent possible.  Joint exhibits shall be identified as JX and listed numerically (e.g., JX-1, JX-2).

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    1. The party proffering the exhibit demonstrates the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated; or

    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in section B, below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing parties were promptly informed of their existence; and

    3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

11

FURTHER DISCOVERY OR MOTIONS

Plaintiff has not produced her updated medical records.  Plaintiff's retained expert Dr. Amir Jamali testified on December 19, 2013 that plaintiff had an MRI taken of her right shoulder on November 19, 2013.  Dr. Jamali reviewed the MRI at his examination of plaintiff on December 5, 2013 and administered a steroid injection.   To date, neither the MRI nor Dr. Jamali's records from December have been produced by plaintiff.

In plaintiff's Motion to Continue Trial, filed on January 24, 2014, plaintiff indicated that she obtained an evaluation and treatment related to her third shoulder surgery on January 13, 2014 from Dr. Bryan Wiley.  No records from this treatment have been produced.

Defendant takes the position it requires an opportunity to review and evaluate the above-referenced records that have not been produced.  Plaintiff believes she has met the requirement of the duty to disclose pursuant to Rule 26(e).

Defense counsel has met and conferred with plaintiff's counsel regarding these unproduced records.  If no resolution can be achieved, defendant reserves its right to file pretrial motions with the court.

Plaintiff has moved to depose defendant's expert, Dr. Geoffrey Miller.  This motion is addressed in a separate order.

STIPULATIONS

The parties have entered into the following stipulations:

1.  At the time of the subject incident, Joel Valenzuela was defendant's employee whose actions caused a 2 x 4 piece of lumber to fall upon plaintiff.  At the time of the subject incident, Joel Valenzuela was acting within the scope of his employment.

2.  The video recording of the subject incident, provided by defendant, will be considered genuine at time of trial, thereby meeting the authentication requirements of the Federal Rules of Evidence.

AMENDMENTS/DISMISSALS

None.  The parties request the dismissal of any unserved defendants.  Accordingly, any remaining Doe defendants are dismissed.

SETTLEMENT

The parties attended a settlement conference on April 2, 2014 with the Honorable Kendall J. Newman but did not settle.

MOTIONS IN LIMINE

The parties anticipate filing the following motions in limine:

A. Plaintiff[1]

   1. Plaintiff's motion in limine to exclude plaintiff's prior convictions.

   2. Plaintiff's motion in limine to exclude plaintiff's financial history.

B. Defendant

   1. Defendant's motion in limine to exclude any actual or potential dollar amount of damages from being mentioned to the jury during voir dire.

   2. Defendant's motion in limine to exclude all witnesses from the courtroom unless testifying.

   3. Defendant's motion in limine to preclude reference to the size of the firm or firm locations of defendant's counsel.

   4. Defendant's motion in limine to exclude any and all reference to defendant's insurance.

   5. Defendant's motion in limine to exclude all evidence concerning settlement discussions at the time of trial.

   6. Defendant's motion in limine to bar plaintiff from recovering medical specials in excess of net medical bills.

   7. Defendant's motion in limine to exclude plaintiff's records and films from 2013 and 2014 not produced pursuant to Rule 26(e).

---

[1] Plaintiff's motion *in limine* to exclude defendant's expert testimony has previously been denied.

13

1    Unless it notifies the parties otherwise, the court will hear these motions on the

2    first day of trial.  **Motions are due three weeks before the date of trial; oppositions are due**

3    **two weeks before trial; replies are due one week before trial.**  Failure to comply with Local

4    Rule 230(c) may be deemed consent to the motion, and the court may dispose of the motion

5    summarily.  *Brydges v. Lewis*, 18 F.3d 651, 652–53 (9th Cir. 1994).

6    Each pretrial evidentiary ruling is made without prejudice and is subject to

7    proper renewal, in whole or in part, during trial.  If a party wishes to contest a pretrial ruling, it

8    must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds.

9    *See* FED. R. EVID. 103(a); *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir.

10   2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the

11   exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to

12   offer such evidence at trial.") (internal alteration, citation and quotation marks omitted).  In

13   addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*.,

14   509 U.S. 579 (1993), are denied without prejudice.  Should a party wish to renew a *Daubert*

15   challenge at trial, it should alert the court, at which point the court may grant limited voir dire

16   before such expert may be called to testify.

17   JOINT STATEMENT OF THE CASE

18   The court approves the parties' proposed statement of the case to be read to the

19   jury at the beginning of trial:

20   This case involves an incident that occurred at defendant Lowe's Home Centers,

21   LLC's retail store located in West Sacramento, California on November 8, 2011.  On that date,

22   plaintiff was shopping at Defendant's store.  Plaintiff stood in the check-out line waiting to

23   purchase two pieces of lumber.  As the attending Lowe's cashier attempted to lift the boards to

24   find the item's price tag, one of the boards fell and struck Plaintiff on the right shoulder.

25   Plaintiff claims that she suffered serious injuries, which she attributes to Defendant's

26   negligence.  Defendant Lowe's Home Centers, LLC denies negligence and disputes the nature

27   and extent of the injuries and damages claimed by Plaintiff.

28   /////

SEPARATE TRIAL OF ISSUES

None.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The parties do not request an appointment by the court of impartial expert witnesses or any court orders limiting the number of expert witnesses.

ATTORNEYS' FEES

Attorneys' fees are not being requested by the parties.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial, estimated at five days, is confirmed for June 9, 2014 at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller.  The court will review with the parties the actual time needed for trial on the morning of June 9th.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire, following the court's own voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall email a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word processable document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

15

<u>MISCELLANEOUS</u>

Trial briefs are due seven days before trial.

<u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

IT IS SO ORDERED.

DATED:  April 14, 2014.

UNITED STATES DISTRICT JUDGE