UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDTE HICKS, | No.  2:12-CV-01883-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

       Cardte Hicks ("plaintiff") requests leave to present a previously undisclosed expert rebuttal witness at trial.  Req. for Leave to Present Rebuttal Expert ("Req.") at 1, ECF No. 57.  Lowe's Home Centers, LLC ("defendant") opposes the request.  Opp'n to Req. ("Opp'n") at 1, ECF No. 59.  Finding the matter suitable for resolution without hearing, and for the reasons below, the court DENIES the request for leave to present the expert rebuttal witness at trial.  The court DENIES as moot plaintiff's request to have the motion heard on an expedited basis.

I.      BACKGROUND

       In its pretrial scheduling order, the court ordered the parties to disclose expert witnesses by October 21, 2013 and complete expert discovery by December 20, 2013.  Pretrial Scheduling Order at 2–3, ECF No. 7.  Defendant conceded failure to file its expert disclosures

1

with the court before the deadline, Def.'s Opp'n to Pl.'s Mot. in Limine at 2, ECF No. 38, but attested to having timely served the disclosures on plaintiff, *id.* Ex. B, ECF No. 38; Sharaga Decl. ¶ 4, ECF No. 38.  Plaintiff attested to never having received defendant's expert disclosures, Masuda Decl. ¶ 2, ECF No. 50, but admitted timely receipt of Dr. Geoffrey Miller's independent medical examination report, Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Discovery at 3, ECF No. 52.  In his declaration, plaintiff's counsel stated further that "he did not become aware . . . that Defendant planned to use Dr. Miller as an expert witness until [the parties] filed [their] Joint Pretrial Statement . . . [and] exchanged Witness Lists."  Masuda Decl. ¶ 2.

Plaintiff filed a motion *in limine* challenging the admissibility of Dr. Miller's testimony on March 6, 2014, Mot. in Limine at 1, ECF No. 35, which the court denied on March 26, 2014, Order at 1, ECF No. 44.  Plaintiff's subsequent motion for reconsideration, Mot. for Reconsideration at 1, ECF No. 45, was denied on March 28, 2014.  Order at 1, ECF No. 48.  Undeterred, plaintiff filed a motion for discovery in order to depose Dr. Miller, Mot. for Discovery at 1, ECF No. 50, which the court granted on April 15, 2014, Order at 1, ECF No. 54.  Plaintiff filed the instant request on April 28, 2014, Req. at 5, and defendant opposed on May 1, 2014, Opp'n at 5.  Trial is confirmed for June 9, 2014.  Pretrial Scheduling Order at 15.

II.     STANDARD

Federal Rule of Civil Procedure 16 permits modification of the court's scheduling order "only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  The "'good cause' standard primarily considers the diligence of the party seeking" relief from the scheduling order: "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking" modification.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation and internal quotation marks omitted).  "If [the moving] party was not diligent, the inquiry should end."  *Id.*  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.* (citation omitted).

2

III.     <u>ANALYSIS</u>

Plaintiff argues good cause exists for granting the current request because she "did not become aware that Geoffrey Miller, M.D. would be allowed as an expert until the Court issued its order denying Plaintiff's motion for reconsideration on March 28, 2014," and "[a]mbiguity exists as to whether Defendant will be offering [Dr. Miller's] testimony regarding the reasonableness of Plaintiff's medical billing."  Req. at 4.  Plaintiff represents that discussions between the parties have not clarified the issue, and "in an abundance of caution, . . . now seek[s] leave . . . to present a supplemental rebuttal expert . . . to testify regarding the reasonableness of Plaintiff's past and future medical treatment should Dr. Miller testify regarding these issues."  *Id.*  Defendant responds that "Plaintiff was . . . fully apprised of the identification of [Dr. Miller] as a retained expert, the scope of Dr. Miller's expected testimony, and the nature of his opinions by October 21, 2013."  Opp'n at 4.

Here, plaintiff is the moving party whose diligence must be examined.  She previously conceded timely receipt of Dr. Miller's independent medical examination report, Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Discovery at 3, but insisted she did not "become aware of the fact that Defendant planned to use Dr. Miller as an expert witness until [the parties] filed [their] Joint Pretrial Statement . . . [and] exchanged Witness Lists," Masuda Decl. ¶ 2.  The parties filed their joint pretrial statement and witness lists on March 6, 2014.  Joint Pretrial Statement at 14, ECF No. 32.

Good cause does not exist to support granting plaintiff's request.  By plaintiff's own admission, as of March 6, 2014, at the latest, she knew (1) that defendant intended to call Dr. Miller as an expert witness and (2) the proposed contents of that testimony, which state unequivocally that Dr. Miller's testimony will address the "reasonableness and necessity of all prior, current and future medical care and expenses."  Def.'s Witness List at 2, ECF No. 32-2. If she had concerns about any alleged "[a]mbiguity . . . as to . . . [Dr. Miller's proposed] testimony," she should have raised those concerns at that time.  However, she did not attempt to add a rebuttal witness until April 28, 2014, nearly two months after receiving the information she says supports the instant request.  Req. at 5.

3

Even were the court to accept plaintiff's dubious claim that she "did not become aware that [Dr.] Miller . . . would be allowed as an expert until the Court issued its order denying Plaintiff's motion for reconsideration on March 28, 2014," Req. at 4, plaintiff delayed filing the instant request for still another month, *id.* at 5.  Plaintiff offers no explanation for this additional delay.  Her delinquency precludes a finding of diligence under Rule 16.  *See Johnson*, 975 F.2d at 609.

The request is denied.

IV.     <u>CONCLUSION</u>

As set forth above, the court DENIES the motion.  Plaintiff's second supplemental disclosure of expert witnesses, ECF No. 58, is stricken.

IT IS SO ORDERED.

DATED: May 6, 2014.

_____
UNITED STATES DISTRICT JUDGE

4